UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BRIAN SNOW,

        Plaintiff,

Case No. 1:12-CV-455

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, David Snow, has filed an Objection (docket #21) to Magistrate Judge Ellen S. Carmody's Report and Recommendation issued August 29, 2013 (docket #20). The Report and Recommendation recommends that this Court affirm the decision of the Commissioner denying Snow's claim for disability insurance benefits. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Snow's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

# I. Snow's Objections

Snow raises two objections to the Administrative Law Judge's (ALJ) determination that Snow is not entitled to disability insurance benefits: (1) the ALJ incorrectly discounted Snow's treating physician's opinion because he relied on Snow's subjective complaints of pain, and (2) the ALJ failed to consider the debilitating side effects of Snow's prescription medications.

First, Snow argues that the ALJ erred by according Dr. McBride—Snow's treating physician—little weight. In her decision, the ALJ stated:

> The claimant has described daily activities which are not limited to the extent one would expect given the complaints of disabling symptoms and limitations. Despite complaints of quite limiting pain, the claimant reported that he could do his activities of daily living. He has a hard time climbing steps and carrying laundry, but he is able to drive and cook. He uses the computer and is taking college courses online. He visits with friends, attends church and up to two school functions a month for his children (Exhibit 5F/1). On March 29, 2011, the claimant denied fatigue, change in appetite or sleeping problems. He denied changes in alertness, limitation of motion, neck pain and head pain. He did report tingling, loss of balance, muscle weakness, and back pain and leg pain. Although the claimant has alleged various side effects from the use of medications, the medical records, such as office treatment notes, do not corroborate those allegations. The claimant received various forms of treatment for the allegedly disabling symptoms, and the record reveals that the treatment has been generally successful in controlling his symptoms.
>
> Regarding Dr. McBride's report at Exhibit 9F, the doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to accept uncritically as true most of what the claimant reported. However, there exist good reasons for questioning the reliability of the claimant's subjective complaints. His opinion as to the claimant's physical capacity is inconsistent with the record as a whole. The doctor's opinion regarding the claimant's mental capacity is outside the doctor's area of expertise. Dr. McBride's statement that claimant is disabled indefinitely (Exhibit 9F/15) is given little weight, as it is conclusory, and a finding of whether or not the claimant is disabled is left to the commissioner to decide.

(ALJ decision, Docket no. 7-2, Page ID 53.)

This Court reviews the record for whether the Commissioner employed the proper legal standards in making her decision and whether her findings were supported by substantial evidence.

*See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). To determine the substantiality of the evidence, the Court considers the record as a whole and takes into account whatever evidence in the record fairly detracts from its weight. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963–64 (6th Cir. 1984). "The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers [sic] can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

An ALJ must "give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation marks omitted). However, an ALJ may reject the opinion of a treating physician where the opinion is not supported by the medical record, *Cohen v. Sec'y of Dep't of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992), merely states a conclusion, *Miller v. Sec'y of Health and Human Servs.*, No. 91-1325, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991), or is contradicted by substantial medical evidence, *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). An ALJ is required to "give good reasons for not giving weight to a treating physician." *Wilson*, 378 F.3d at 544 (internal quotation marks omitted). Factors that an ALJ must consider in evaluating the weight to assign the opinion of a treating physician include (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other

relevant factors. 20 C.F.R. §§ 404.1527(c), 416.927; *see also Wilson*, 378 F.3d at 544 (listing factors). Once an ALJ determines that a claimant has shown that his physical or mental impairment could reasonably be expected to produce his symptoms, an ALJ must evaluate the "the intensity, persistence, and functionality limiting effects of the symptoms," which requires the ALJ to consider the credibility of the individual statements in light of the record. SSR 96-7p, 1996 WL 374186 (July 2, 1996).

In this case, the ALJ afforded Dr. McBride's opinion minimal weight and found Snow's self-reports of the intensity, persistence, and limiting effects of his symptoms to be inconsistent with the record as a whole. Regarding Dr. McBride's opinion, the ALJ's "good reason" for according it minimal weight was that Dr. McBride "relied heavily" on Snow's subjective reports of his pain and his opinion regarding Snow's limitations was inconsistent with the record as a whole. Exhibit 9F contains the following documents from Dr. McBride: an evaluation form, test results, a letter describing Snow's symptoms, and an "Unable to Work Form." (Administrative Record, docket #8-4, Page ID 414–28.) The evaluation form is a series of questions regarding the nature and extent of Snow's pain. The test results include an MRI and spinal x-ray. The MRI shows "degenerative changes with mild thecal sac effacement. (*Id.* at 416.) The x-ray shows no acute fracture or dislocation. (*Id.* at 427.)

In his Objection, Snow argues that the Sixth Circuit has disapproved rejection of a treating physician's opinion solely on the basis that the physician relied on subjective evidence, citing *Gayheart v. Commissioner*, 710 F.3d 365 (6th Cir. 2013). In *Gayheart*, the ALJ's reason for discounting a treating physician's opinion was that it was "not well-supported by any objective findings." *Id.* at 377. The court concluded that (1) such an ambiguous statement failed to communicate whether the opinion relied on subjective findings alone or whether there existed

4

objective evidence that was insufficient to support the opinion, and (2) because the ALJ failed to identify any significant, conflicting evidence in the record, the ALJ failed to give a "good reason" for according the treating physician little weight. *See* 710 F.3d at 376–78. For example, the court observed that the ALJ's minor examples of Gayheart's activities—visiting his aunt and uncle across the street and receiving occasional visitors—were not inconsistent evidence because the record did not suggest that Gayheart could have done those activities on a sustained basis, which was the appropriate measure of the functional limitation of a mental impairment. *Id.* at 377–78.

In this case, the ALJ has offered more than a few minor examples of Snow's daily activities to support her decision to accord Dr. McBride's opinion less than controlling weight.[1] For example, the ALJ identified contradictory self-reports from Snow denying fatigue, change in appetite, sleeping problems, changes in alertness or limitation of motion or neck and head pain. She further observed that Snow has received various treatments that had been generally successful in helping him to control his symptoms. Thus, the ALJ's "good reason" went beyond Dr. McBride's reliance on Snow's subjective self-reports. It also included the ALJ's assessment that the record as a whole contradicted McBride's conclusion and offered contradictory examples and a record of treatment history that had reduced Snow's symptoms. Thus, unlike the ALJ in *Gayheart*, the Court cannot say that the ALJ failed to offer a "good reason" for discounting Dr. McBride's opinion.

Snow's second objection is that the ALJ improperly failed to consider the side effects of

---

[1]This is not to say that some of the ALJ's examples about Snow's ability to visit friends, attend church, and attend his children's school functions do not raise similar concerns to those raised by the Sixth Circuit, as they can be taken out of context and do not, standing alone, reflect a claimant's ability to do such activities on a sustained basis. However, in this case, the ALJ has offered other evidence in the record to support her conclusion that the record as a whole contradicted Dr. McBride's opinion.

5

Snow's prescription medication. Snow raises this argument for the first time in his Objection.[2] It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. In *Murr v. United States*, 200 F.3d 895 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objection to a Report and Recommendation, and that failure to raise the argument before the magistrate judge constitutes a waiver. *Id.* at 902 n.1. Nonetheless, even if the Court were to consider it, Snow's argument is unpersuasive. First, the ALJ did not fail to address the issue. In her decision, the ALJ stated,

> Although the claimant has alleged various side effects from the use of medications, the medical records, such as office treatment notes, do not corroborate those allegations. The claimant received various forms of treatment for the allegedly disabling symptoms, and the record reveals that the treatment has been generally successful in controlling his symptoms.

(ALJ decision, Docket no. 7-2, Page ID 53.) The ALJ also observed that Dr. McBride's evaluation (Exhibit 9F) of the mental effects of pain were beyond Dr. McBride's area of expertise. (*Id.*) Regarding the merits of the ALJ's reasoning, Snow's evidence of the nature and extent of mental impairment from medication is limited to the self-report he offered at his administrative hearing, (see Hearing Tr., docket #7-2, Page ID 80), which the ALJ considered but discounted because it was not supported by treatment notes, (ALJ decision, Docket no. 7-2, Page ID 53.). The exception, the ALJ

---

[2]Snow adamantly argues "as Plaintiff's initial Brief also pointed out on pages 11–12, Plaintiff was taking medicines which were required to reduce his pain and which limited his ability to concentrate throughout the day," and "[t]hat factor also was not considered by the ALJ, and the Magistrate did not deal with that issue even though Plaintiff clearly raised it; that omission alone is reversible error," citing *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779 (6th Cir. 2009). After a careful review of Snow's brief, the Court does not discern such an argument. Snow did cite *White* for the proposition that an ALJ must give "good reasons" for discounting a treating physician's opinion, but there is no reference to the side effects of Snow's medication or the ALJ's failure to consider the issue.

6

observed, was Dr. McBride's opinion, which is outside his area of expertise. (*Id.*) In reviewing exhibit 9F, this Court notes that Dr. McBride's assessment of the "mental effects of pain,"—defined as the extent to which "pain and/or side effects of medication" affected Snow's attention and concentration—was limited to a checking either "mild," "slight," "moderate," or "severe," and Dr. McBride selected "moderate," without any explanation. Thus, the Court cannot say that the ALJ erred in finding that Snow's subjective complaints were not supported by the record. Therefore, the Court will overrule Snow's objections.

After conducting a de novo review of the claims and evidence presented to the magistrate judge, the Report and Recommendation, and Snow's objections, the Court finds the magistrate judge's recommendation is factually sound and legally correct.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the magistrate judge (docket #20) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**. A separate judgment will issue.


Dated: September 26, 2013 　　　　　　　　　　　　/s/ Robert J. Jonker
　　　　　　　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE